FILED

2010 Dec-13  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HERSHEL LANEY, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NUMBER: _____ |
| | ) | |
| v. | ) | |
| | ) | Pending in the Circuit Court of |
| | ) | Jefferson County, Alabama |
| RECEIVABLES MANAGEMENT | ) | CV-2010-904036 |
| BUREAU, INC., a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Receivables Management Bureau, Inc. ("RMB, Inc."), and hereby removes the above-styled action from the Circuit Court of Jefferson County, Alabama, pending as Civil Action Number: CV-2010-904036.00, to this United States District Court for the Northern District of Alabama, Southern Division, by stating as follows:

1.    The Plaintiff filed his Complaint on November 8, 2010, and alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA").

2.    The Complaint also alleged State law claims of invasion of privacy by intrusion upon seclusion; negligent, wanton, and/or intentional hiring and supervision of

{W0277997.1 }

incompetent debt collectors; negligent, wanton, and intentional conduct; all based upon violations of the FDCPA and the TCPA.

3.      According to the Case Action Summary from the State Judicial Information System website Alacourt.com, the Plaintiff served RMB, Inc. with the Summons and Complaint on November 12, 2010, via certified mail.

4.      The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

5.      Copies of all process and pleadings on record in the state court including the Case Action Summary from the State Judicial Information System website Alacourt.com are attached hereto as Exhibit "A".

6.      Defendant RMB, Inc. gives prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit "B," together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

## REMOVAL IS TIMELY

7.      The Plaintiff filed his Complaint on November 8, 2010, which raised a federal question by alleging a violation of the FDCPA.

8.      Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

9.     RMB, Inc. received a copy of the Summons and Complaint on November 12, 2010.

10.     Therefore, this notice is being filed with this Court within thirty (30) days after RMB, Inc. received a copy of the initial Pleadings.

## JURISDICTION BASED UPON A FEDERAL QUESTION

11.     Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12.     The Complaint explicitly alleges claims against RMB, Inc. pursuant to the FDCPA and TCPA.

13.     The FDCPA provides "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

14.     Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

15.     According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to a federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

16.     Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties" although complete diversity exists in this matter.

17.     When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.,* 138 F.3d 46, 52 (2d Cir.1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 192 (2d Cir.1987) (*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law").

18.     Because the Complaint explicitly alleges claims against RMB, Inc. pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

## DIVERSITY JURISDICTION

19.     This Court also has jurisdiction under 28 U.S.C. § 1332.

20.     Based on the Complaint, the Plaintiff was a resident of Alabama at the time the Complaint was filed.

21.     Based on the Complaint, RMB, Inc. has its principal place of business in the State of Tennessee and is incorporated under the laws of the State of Tennessee and, therefore, is not a citizen of the State of Alabama for the purpose of determining diversity jurisdiction.  Accordingly, complete diversity exists.

22.     The Plaintiff seeks statutory damages, actual damages, punitive damages, and an award of costs and attorney's fees.  The Complaint does not include an amount in

{W0277997.1 }

controversy.  Nevertheless, pursuant to 15 U.S.C. § 1692k(d) "[a]n action to enforce any liability created by this title [15 USCS §§ 1692, *et. seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." Thus, diversity jurisdiction is proper.

## SUPPLEMENTAL JURISDICTION

23.    The Complaint also alleges State law claims of invasion of privacy by intrusion upon seclusion; negligent, wanton, and/or intentional hiring and supervision of incompetent debt collectors; negligent, wanton, and intentional conduct; all based upon violations of the FDCPA and the TCPA .

24.    This Court has supplemental jurisdiction over the Plaintiff's TCPA and state law claims pursuant to 28 U.S.C. § 1367(a) which states "the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."

25.    Each of the claims and allegations contained in the Complaint arise from the Defendant's conduct alleged to be in violation of federal law (FDCPA).  Therefore, these claims arise from the same case or controversy.

WHEREFORE, PREMISES CONSIDERED, RMB, Inc. respectfully requests this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the Circuit Court of Jefferson County.

{W0277997.1 }

DATED this _____ day of December, 2010.

Neal D. Moore, III          MOO 075
Amy E. Blankenship          BLA114
*Attorneys for Defendant,*
*Receivables Management Bureau, Inc.*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

## CERTIFICATE OF SERVICE

This is to certify that on this the ___ day of December, 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

| | |
|---|---|
| _____ | mailing the same by first-class United States mail, properly addressed and postage pre-paid |
| _____ | hand delivery |
| _____ | via facsimile |
| ___X___ | E-File |

John G. Watts
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, AL  35203
*Attorney for Plaintiff*

M. Stan Herring
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, AL  35203
*Attorney for Plaintiff*


_____
OF COUNSEL

{W0277997.1 }

# EXHIBIT A

## ALABAMA SJIS CASE DETAIL

**DODSON**                                                     **PREPARED FOR: CATHERINE SELLERS**

 *alacourt.com*

County: **01**   Case Number: **CV-2010-904036.00**   Court Action:
Style: **HERSHEL LANEY V. RECEIVABLES MANAGEMENT BUREAU, INC.**

REAL TIME

### Case

#### Case Information

| | |
|---|---|
| County: | JEFFERSON - BIRMINGHAM |
| Case Number: | CV-2010-904036.00 |
| Judge ID: | GWN:G. WILLIAM NOBLE |
| Trial: | Jury |
| Style: | HERSHEL LANEY V. RECEIVABLES MANAGEMENT BUREAU, INC. |
| Filed: | 11/08/2010 |

#### Case Type

| | |
|---|---|
| Code: | TOXX |
| Type: | OTHER TORT |
| Track | |
| Status: | A:ACTIVE |
| No of Plaintiffs: | 001 |
| No of Defendants: | 001 |

#### Court Action

| | |
|---|---|
| Disposition JudgeID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | 0 |

#### Damages

| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | |

#### Other Actions

| | | | |
|---|---|---|---|
| Continuance Date: | | # of Previous Continuances: | 0000 |
| | | | 0000 |
| Revised Judgment Date: | | Admin Date: | Why: |
| Appeal Date: | | Court: | Why: |
| Date Trial Began but No Verdict (TBNV1): | 00000000 | Case: | |
| Disposition Date: | | Date Trial Began but No Verdict (TBNV2): | |
| | | Disposition Type: | |

#### Comments

Comment 1:
Comment 2:

### Settings

#### Court Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | 000 | 00:00 | - |
| 2: | | 000 | 00:00 | - |
| 3: | | 000 | 00:00 | - |
| 4: | | 000 | 00:00 | - |

### Party 1 - C 001 - LANEY HERSHEL

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | C 001 | Name: | LANEY HERSHEL | Type: | I:Individual |
| Index: | Y | Alt Name: | | Judge ID: | GWN |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |
| Address 1: | C/O WATTS LAW GROUP, P.C. | | Address 2: | 301 19TH STREET NORTH | |
| Phone: | (205) 000-0000 | City: | BIRMINGHAM | State: | AL | Zip: | 35203-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | |

#### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | | ReIssue: | | Type: | |
| Return: | Type: | Return: | | Type: | |
| Service: | Type: | Service On: | | By: | |

| Answer: | | Type: | | NS Not: | | | NA Not: | |
| Warrant | | Type: | | Arrest: | | | | |

## Court Action

| Court action: | | Date: | | For | | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: | |
| Comment: | | | | | | | |

## Attorneys

| Attorney 1: | WAT056 | Name: | WATTS JOHN GRIFFIN | City: | BIRMINGHAM | State: | AL |
| Attorney 2: | HER037 | Name: | HERRING MYLES STANLEY JR | City: | BIRMINGHAM | State: | AL |
| Attorney 3: | | Name: | | City: | | State: | |
| Attorney 4: | | Name: | | City: | | State: | |
| Attorney 5: | | Name: | | City: | | State: | |
| Attorney 6: | | Name: | | City: | | State: | |

### Party 2 - D 001 - RECEIVABLES MANAGEMENT BUREAU, INC.

## Party Information

| Party: | D 001 | Name: | RECEIVABLES MANAGEMENT BUREAU, INC. | | | Type: | B:Business |
| Index: | Y | Alt Name: | | | | Judge ID: | GWN |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |
| Address 1: | C/O CT CORPORATION SYSTEM | | | Address 2: | 2 N. JACKSON ST. #605 | | |
| Phone: | (205) 000-0000 | City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | | |

## Service Information

| Issued: | 11/08/2010 | Type: | C:Certified mail | Reissue: | | Type: | |
| Return: | | Type: | | Return: | | Type: | |
| Service: | 11/12/2010 | Type: | C:Certified Mail | Service On: | | By: | |
| Answer: | | Type: | | NS Not: | | NA Not: | |
| Warrant | | Type: | | Arrest: | | | |

## Court Action

| Court action: | | Date: | | For | | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: | |
| Comment: | | | | | | | |

## Attorneys

| Attorney 1: | 000000 | Name: | ProSe | City: | | State: | AL |
| Attorney 2: | | Name: | | City: | | State: | |
| Attorney 3: | | Name: | | City: | | State: | |
| Attorney 4: | | Name: | | City: | | State: | |
| Attorney 5: | | Name: | | City: | | State: | |
| Attorney 6: | | Name: | | City: | | State: | |

### Financial

## Fee Sheet

| PR | NO | Acct | Status | Checks | AdminFe | From | For | To | Total Due | Amt Paid | Balance | Hold Amt |
|----|----|------|--------|--------|---------|------|-----|-----|-----------|----------|---------|----------|
| | | AOCC | A | A | N | C001 | 000 | 000 | $6.83 | $6.83 | $0.00 | 0 |
| | | CV05 | A | A | N | C001 | 000 | 000 | $306.00 | $306.00 | $0.00 | 0 |
| | | JDMD | A | A | N | C001 | 000 | 000 | $100.00 | $100.00 | $0.00 | 0 |
| | | | | | | | | TOTAL: | $412.83 | $412.83 | $0.00 | $0.00 |

## Financial History

| Transaction Date | Transaction Type | Disb Acct | Payment From/To | Batch | Check or Receipt # | Amount | Fee | Money Type | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/17/2010 | R:RECEIPT | | AOCC | 2011035 | 48394000 | $6.83 | N | K | | JUA |
| 11/17/2010 | R:RECEIPT | | CV05 | 2011035 | 48394100 | $306.00 | N | K | | JUA |
| 11/17/2010 | R:RECEIPT | | JDMD | 2011035 | 48394200 | $100.00 | N | K | | JUA |
| 11/17/2010 | Z:FEE ADDED | | AOCC | | 00000000 | $6.83 | N | O | | JUA |
| 11/17/2010 | Z:FEE ADDED | | CV05 | | 00000000 | $306.00 | N | O | | JUA |
| 11/17/2010 | Z:FEE ADDED | | JDMD | | 00000000 | $100.00 | N | O | | JUA |

## SJIS Witness List

| Served | Ser. Type Prt | Name | Type | Party | Issued | Iss. Type | Request |
|---|---|---|---|---|---|---|---|

## Case Action Summary - 01CV201090403600

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/08/2010 | 7:07:53 | EFILE | COMPLAINT E-FILED. | WAT056 |
| 11/08/2010 | 7:08:42 | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 11/08/2010 | 7:08:43 | FILE | FILED THIS DATE: 11/08/2010        (AV01) | AJA |
| 11/08/2010 | 7:08:44 | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 11/08/2010 | 7:08:45 | EORD | E-ORDER FLAG SET TO "N"        (AV01) | AJA |
| 11/08/2010 | 7:08:46 | ASSJ | ASSIGNED TO JUDGE: G. WILLIAM NOBLE        (AV01) | AJA |
| 11/08/2010 | 7:08:47 | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 11/08/2010 | 7:08:48 | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 11/08/2010 | 7:08:49 | C001 | C001 PARTY ADDED: LANEY HERSHEL        (AV02) | AJA |
| 11/08/2010 | 7:08:50 | ATTY | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN | AJA |
| 11/08/2010 | 7:08:51 | ATTY | LISTED AS ATTORNEY FOR C001: HERRING MYLES STANLE | AJA |
| 11/08/2010 | 7:08:52 | EORD | C001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 11/08/2010 | 7:08:54 | D001 | D001 PARTY ADDED: RECEIVABLES MANAGEMENT BUREAU, I | AJA |
| 11/08/2010 | 7:08:55 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 11/08/2010 | 7:08:56 | SUMM | CERTIFIED MAI ISSUED: 11/08/2010 TO D001        (AV02) | AJA |
| 11/08/2010 | 7:08:57 | EORD | D001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 11/08/2010 | 7:09:24 | EFILE | COMPLAINT - SUMMONS | |
| 11/10/2010 | 9:11:51 | ---- | SCANNED - CERTIFIED MAIL - HERSHEL LANEY | |
| 11/12/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON RECEIVABLES MANAGEMENT BUREAU INC/ SIGNED BY LAURA PAYNE | |
| 11/24/2010 | 10:46:22 | SERC | SERVICE OF CERTIFIED MAI ON 11/12/2010 FOR D001 | ALW |

*END OF THE REPORT*

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br><br>Date of Filing:<br>11/08/2010 | ELECTRONICALLY FILED<br>11/8/2010 7:07 PM<br>CV-2010-904036.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### HERSHEL LANEY v. RECEIVABLES MANAGEMENT BUREAU, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other:  FDCPA AND TCPA

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT      _____

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

---

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**  WAT056          11/8/2010 7:05:00 PM          /s JOHN GRIFFIN WATTS

---

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-904036.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### HERSHEL LANEY v. RECEIVABLES MANAGEMENT BUREAU, INC.

NOTICE TO    RECEIVABLES MANAGEMENT BUREAU, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. #605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    HERSHEL LANEY
     pursuant to the Alabama Rules of the Civil Procedure

| 11/8/2010 7:07:53 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS

                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

ELECTRONICALLY FILED
11/8/2010 7:07 PM
CV-2010-904036.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| HERSHEL LANEY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: |
| | ) |
| RECEIVABLES MANAGEMENT | ) |
| BUREAU, INC., a Corporation, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection

Act, 47 U.S.C. § 227 ("TCPA[1]"), out of state law violations and out of the invasions of

Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal

efforts to collect a consumer debt from Plaintiff.

### PARTIES

2.  Plaintiff Hershel Laney (hereinafter "Plaintiff") is a natural person who is a resident of

Alabama.

3.  Defendant Receivables Management Bureau, Inc., ("Defendant" or "RMB") is a foreign

debt collection firm that engages in the business of debt collection.  It conducts business

in Alabama.   Its principal place of business is the State of Tennessee and it is

incorporated in Tennessee.

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

## FACTUAL ALLEGATIONS

4.     Plaintiff has been repeatedly subjected to calls from Defendant for a debt supposedly owed by a "Tony Baker" or other such person who does not live with Plaintiff and Plaintiff does not know who Defendant is looking for.

5.     Defendant made a large number of harassing and repeated phone calls to Plaintiff's cell phone.

6.     The Defendant has called Plaintiff dozens of times on Plaintiff's cell phone.

7.     Plaintiff has told Defendant to stop calling but Defendant refuses to stop calling and in particular to stop using illegal pre-recorded messages.

8.     Plaintiff has told Defendant to stop calling but Defendant refuses to stop calling and in particular to stop using auto dialers.

9.     Plaintiff has told Defendant to stop calling but Defendant refuses to stop calling and in particular to stop using predictive dialers.

10.     Defendant illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

11.     Defendant illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

12.     Defendant illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

13.     Plaintiff never gave Defendant permission to call Plaintiff's cell phone with an autodialer.

14.     Plaintiff never gave Defendant permission to call Plaintiff's cell phone with a predictive dialer.

15.     Plaintiff never gave Defendant permission to call Plaintiff's cell phone with pre-recorded calls.

16.     The volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff into paying Defendant when Plaintiff does not owe Defendant any money.  See, e.g., 15 U.S.C. § 1692d.

## SUMMARY

17.     All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant was made in violation of the FDCPA and TCPA.

18.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

19.     This series of abusive collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

20.     Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

21.     Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

22.     Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

23.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.    The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

25.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### (47 U.S.C. § 227)

26.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

27.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers that have been unleashed against Plaintiff by Defendant.

28.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers that have been unleashed against Plaintiff by Defendant.

29. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant.

30. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the Defendant or to any original creditor to use these against Plaintiff's cell phone.

31. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.  47 U.S.C. § 227(b)(3).

32. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

33. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

**COUNT III.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

34. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

35. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

36.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

37.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

38.   Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

39.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

40.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

41. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

43. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT IV.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

44. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

45. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT V

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

47. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

48.  Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

49.  It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

50.  Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

51.  Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

52.  Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

53.  As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

- for such other and further relief as may be just and proper.

## COUNT II.

### TCPA

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;

- statutory damages of $500.00 or $1,500.00 per call; and

- for such other and further relief as may be just and proper.

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT IV.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT V.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

-10-

**Serve defendant via certified mail at the following address:**

Receivables Management Bureau, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

HERSHEL LANEY v. RECEIVABLES MANAGEMENT BUREAU, INC.

01-CV-2010-904036.00

To: CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $6.83**

Parties to be served by **Certified Mail - Return Receipt Requested**

RECEIVABLES MANAGEMENT BUREAU, INC.
C/O CT CORPORATION SYSTEM                    Postage: $6.83
2 N. JACKSON ST. #605
MONTGOMERY, AL 36104                 7009 1680 0001 9566 4138

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery   11/4/10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

RECEIVABLES MANAGEMENT BUREAU, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. #605
MONTGOMERY, AL 36104

CV 10-904036  J&C

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)        7009 1680 0001 7566 4138

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

ANNE-MARIE ADAMS, CLERK        NOV 1 6 2010
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. N.    ANNE-MARIE ADAMS
BIRMINGHAM, ALABAMA 35203            Clerk

ELECTRONICALLY FILED
11/8/2010 7:07 PM
CV-2010-904036.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **HERSHEL LANEY, an individual,**      ) | |
| ) | |
| **Plaintiff,**      ) | |
| ) | |
| **v.**      ) | **Civil Action No.:** |
| ) | |
| **RECEIVABLES MANAGEMENT**      ) | |
| **BUREAU, INC., a Corporation,**      ) | |
| ) | |
| **Defendant.**      ) | |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF RECEIVABLES MANAGEMENT BUREAU, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:**      **Corporate Representative of Receivables Management Bureau, Inc.**

**DATE:**      **February 28, 2011**

**TIME:**      **9:00 a.m.**

**PLACE:**      **Watts Law Group, P.C.**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1.  The Defendant's investigation into the claims made by Plaintiff in the Complaint;

2.  The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

3.   The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.   The management, supervision, and discipline of all Defendant's and its collection employees;

5.   The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's (or Tony Baker) alleged account;

6.   The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7.   All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8.   The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff (or Tony Baker) and which is the subject matter of this lawsuit;

9.   The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

10.  The phone systems of Defendant and any monitoring and recording of telephone calls;

11.  The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12.  The long distance telephone provider used to make calls relating to the herein account;

13.  The factual basis for the Defendant's Answer;

14.  The factual basis for the Defendant's defenses contained in their Answer;

15. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

16. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

17. All documents produced to Plaintiff by Defendant in the course of this case;

18. The general nature of the Defendant's businesses;

19. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present;

20. The use of auto dialers, predictive dialers, and/or pre-recorded messages against Plaintiff (or Tony Baker); and

21. All collection efforts that in any way targeted or involved Plaintiff (or Tony Baker).

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1. All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts _____
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19ᵗʰ Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring _____
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19ᵗʰ Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
11/8/2010 7:07 PM
CV-2010-904036.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

HERSHEL LANEY, an individual,      )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )      **Civil Action No.:**
                                   )
RECEIVABLES MANAGEMENT             )
BUREAU, INC., a Corporation,       )
                                   )
        Defendant.                 )

---

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANT RECEIVABLES MANAGEMENT BUREAU, INC.

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.      The date of the document;

b.      The type of document;

c.      The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.      The name of the employer or principal whom the signers, addressers and preparers were representing;

e.      The present location of the document;

f.      The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.      A summary of the contents of the document; and

h.      If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location.  If there

are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

All request are limited in time (unless otherwise specified) to three (3) years prior to the date of the suit to the present.

**INTERROGATORIES**

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.      For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

   a.      First, last, and middle legal name;

   b.      All DBA, fake, or alias name(s) used by this person;

   c.      Job title or capacity;

   d.      Business address and telephone number;

   e.      Home address and telephone number;

   f.      Age;

2.      Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.      Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

   a.      First, last, and middle legal name;

   b.      All DBAs, fake, or alias name(s) used by this person;

   c.      Job title or capacity;

   d.      Business address and telephone number;

   e.      Home address and telephone number;

   f.      Age;

   g.      State the general substance of each person's knowledge.

- 5 -

4.   Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

   a.   The training content, timing, and duration;

   b.   All documents and audio or visual materials used in such training; and

   c.   Each person involved in providing such training.

5.   Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6.   Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.   Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

8.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

9.   Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

10.     Identify whether any or all of the Defendants recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11.     Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff (or Tony Baker) and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.     In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff (or Tony Baker) was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.     Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff (or Tony Baker) alleged debt, by stating the following:

    a.     The name of the individual initiating communication;

    b.     The name of the person and/or description of the person to whom the communication was directed;

    c.     The date and time of the communication;

    d.     The method of the communication (e.g. letter, phone call, in-person, autodialer, pre-recorded message, predictive dialer, etc);

    e.     A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.     Identification of all witnesses to or participants in the communication; and,

g.    Any actions taken by any Defendant as a result of the communication.

14.   Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

15.   Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

16.   Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiff (or Tony Baker) for a period of three (3) before the date of this request to the present.

17.   Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

18.   Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period

three (3) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.      Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.      Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

   a.      Collection policies;

   b.      Collection procedures;

   c.      Collection methods;

   d.      Collection techniques;

   e.      Collection tactics;

   f.      Collection rules;

   g.      Collection regulations; and

   h.      Compliance with local, state, or federal laws, codes, or regulations.

3.      Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants for the three (3) years prior and up to the present.

4.  Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts for the three (3) years prior and up to the present.

5.  Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6.  Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff (or Tony Baker).

7.  Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.  Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9.    Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiff (or Tony Baker), including but not limited to:

    a.    Records of all inbound or outbound telephone calls, to or from any Plaintiff;

    b.    Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.    Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

10.    Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiff's (or Tony Baker) name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

11.    A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12.    Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

13.    Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

14.    Please produce a "key" or "legend" that explains any symbol, abbreviation or code that appears on any document produced by the Defendant.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.  All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.  The debt being collected is a consumer debt as defined by the FDCPA.

2.  You admit Plaintiff does not owe the debt you were trying to collect when you called Plaintiff.

3.  You admit Plaintiff told you that the person you were looking for did not live at the Plaintiff's residence.

4.  You admit Plaintiff told you that the person you were looking for was not at the phone number you called (Plaintiff's cell phone).

5.  You made over 10 calls to Plaintiff's cell phone.

6.  You made over 20 calls to Plaintiff's cell phone.

7.  You made over 50 calls to Plaintiff's cell phone.

8.  You called Plaintiff's cell phone with an autodialer.

9.  You called Plaintiff's cell phone with a predictive dialer.

10. You called Plaintiff's cell phone with pre-recorded messages.

11. You were calling Plaintiff's cell phone looking for Tony Baker.

- 12 -

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
M. Stan Herring (HER037)
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**

# EXHIBIT B

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **HERSHEL LANEY,**<br>**an individual** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CV- 2010-904036.00** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **RECEIVABLES MANAGEMENT** | ) | |
| **BUREAU, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE TO CIRCUIT CLERK AND PLAINTIFF OF FILING NOTICE OF REMOVAL

TO:   Anne-Marie Adams
        Room 400 Jefferson County Courthouse
        716 Richard Arrington, Jr. Boulevard North
        Birmingham, Alabama 35203

        John G. Watts
        Watts Law Group, PC
        The Kress Building
        301 19th Street North
        Birmingham, Alabama 35203

        M. Stan Herring, PC.
        The Kress Building
        301 19th Street North
        Birmingham, Alabama 35203

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to

the United States District Court for the Northern District of Alabama, Southern

Division, in the case of *Hershel Laney v. Receivables Management Bureau, Inc.*,

Civil Action No. 2010-904036.00, in the Circuit Court of Jefferson County,

Alabama, in accordance with the provisions of 28 U.S.C. § 1446.   A copy of the

Notice of Removal is attached hereto as Exhibit A.

DATED this ⟋⟋⟍ day of December, 2010.

Neal D. Moore, III
Amy E. Blankenship
*Attorneys for Defendant Receivables
Management Bureau, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this the _10_ day of December 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____✓_____ mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____ hand delivery

_____ via facsimile

_____ E-File

John G. Watts
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone:(205) 879-2447
Fax:   (888) 522-7167
john@wattslawgroup.com

M. Stan Herring, PC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 714-4443
Fax:   (888) 522-7167
msh@mstanherringlaw.com

OF COUNSEL